UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-157 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| John Eric Solomon, | |
| Defendant. | |

---

Joseph Scott Teirab and Esther Soria Mignanelli, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Ben Tonkin, Department of Justice, Criminal Division, 1301 New York Avenue Northwest, Washington, DC 20005 (for the Government); and

Brian N. Toder, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant John Eric Solomon:

1. Motion for Discovery, ECF No. 27;

2. Motion for Suppression of His Cell Phone Contents, ECF No. 28;

3. Motion to Produce 404(b) Evidence, ECF No. 29; and

4. Motion to Retain Tangible Evidence and Like Materials, ECF No. 30.

The Government also filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 20.

A hearing was held on July 12, 2023. ECF No. 37. Assistant United States Attorney Joseph Scott Teirab appeared on behalf of the Government. Attorney Brian N. Toder

1

appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 20, is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, the parties agreed to make their principal expert disclosures no later than 28 days before trial and any rebuttal expert disclosures no later than 14 days prior to trial.

Accordingly, consistent with the parties' agreement, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures.

2.  Defendant's Motion for Discovery, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 27. This includes expert witness disclosures. *Id*. at 2. The Government responds that it has made its Rule 16 disclosures and will continue to supplement its disclosures as additional Rule 16 materials, if any, come into its possession. Gov't's Consolidated Resp. at 3, ECF No. 34. Further, the Government states that it has no objection to providing Rule 16 discovery to Defendant to the extent that his requests for discovery comport with the provisions of

Rule 16. *Id*.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

3.  Defendant's Motion for Suppression of His Cell Phone Contents, ECF No. 28, is **DENIED AS MOOT**.

Defendant moves to suppress evidence obtained as a result of the execution of the search warrant for his cell phone. ECF No. 28. The Government argues that the motion should be denied as moot because it will not offer in its case-in-chief at trial evidence obtained as a result of the execution of the search warrant for Defendant's cell phone. Gov't's Consolidated Resp. at 4.

3

In light of the Government's representation that it will not introduce in its case-in-chief at trial evidence obtained as a result of the execution of the search warrant for Defendant's cell phone, Defendant's motion to suppress such evidence is moot. *See, e.g.*, *United States v. Morris*, No. 17-cr-107 (DWF/TNL), 2018 WL 2193109, at *9 (D. Minn. May 14, 2018) ("Accordingly, Defendant's motion is denied as moot given the Government's representations that it does not intend to introduce evidence from the December 14, 2016 search and seizure in its case-in-chief."); *United States v. Tenerelli*, No. 07-cr-194(1), 2008 WL 420018, at *2 (D. Minn. Feb. 13, 2008) (denying motion to suppress as moot based on the Government's representation that it did not intend to use any statements made by the defendant in its case-in-chief). Accordingly, Defendant's motion to suppress evidence obtained as a result of the execution of the search warrant for his cell phone is denied as moot.

4.   Defendant's Motion to Produce 404(b) Evidence, ECF No. 29, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to [Rule] 404(b)." ECF No. 29 at 1. The Government states that it will provide notice to Defendant of the general nature of any such evidence that the Government intends to offer at trial no later than two weeks prior to trial. Gov't's Consolidated Resp. at 3-4.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

4

accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court concludes that providing notice of Rule 404(b) evidence two weeks prior to trial is reasonable in this case. Accordingly, no later than 14 days prior to trial, the

Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

5. Defendant's Motion to Retain Tangible Evidence and Like Materials, ECF No. 30, is **GRANTED**.

Defendant requests an order directing that all attorneys for the Government and any law enforcement agents retain and preserve all rough notes taken and evidence seized as part of their investigation. ECF No. 30 at 1. The Government does not object to the motion. Gov't's Consolidated Resp. at 4.

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. The Court is not ordering the Government to disclose any such materials.

6. All prior consistent orders remain in full force and effect.

[Continued on next page.]

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August __11__, 2023                    *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *United States v. Solomon*
                                             Case No. 23-cr-157 (SRN/TNL)