UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> John Eric Solomon, a/k/a "Eastside," <br><br> Defendant. | Case No. 23-cr-157 (SRN/TNL) <br><br><br> **ORDER** |

John Eric Solomon, Reg. No. 57264-510, Federal Correctional Institution – El Reno, P.O. Box 1500, El Reno, OK 73036, Pro Se.

Esther Soria Mignanelli, Katharine T. Buzicky, and Quinn Askew, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant John Eric Solomon's pro se motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. 79]. For the reasons below, the Court denies Mr. Solomon's motion and declines to grant a certificate of appealability.

**I.   Background**

Mr. Solomon pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Docs. 1, 49.) In a plea agreement, he admitted that he possessed a stolen pistol loaded with eleven rounds of ammunition, that he was alone in his car when he fled a lawful traffic stop, and that officers found the pistol on the side of the road "[a]long the path" that he fled. (Doc. 52 at 2.) He also waived "the right to petition under 28 U.S.C.

§ 2255 except based upon a claim of ineffective assistance of counsel." (*Id.* at 9.) The Court accepted Mr. Solomon's guilty plea and sentenced him to 65 months in prison and three years of supervised release. (Docs. 49, 71, 72.)

Within a year, Mr. Solomon filed the instant motion, claiming two grounds for vacating his sentence. (Doc. 79.) First, he argues that he "was unconstitutionally charge[d] . . . with a weapon that was not on [his] person," "had 6 different individuals['] dna on it," and "was found 2 blocks away from [him]." (*Id.* at 4.) And second, he argues that he received ineffective assistance of counsel because he "wanted to take [his] case to trial" but his "attorney said that [he] should plead guilty because [he] was [going to] lose." (*Id.* at 5.)

## II.    Analysis

A federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground that it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). When he does so, the court generally must "cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," these procedures are not required. *Id.*; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) ("[A] claim may be dismissed without an evidentiary hearing if [it] is inadequate on its face . . . ."). When a defendant petitions pro se, a court will construe the petition liberally. *See United States v. Sellner*, 773 F.3d 927, 931–32 (8th Cir. 2014). But the

petitioner still bears the burden of proof on each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

The Court finds that the motion and the record conclusively show that Mr. Solomon is entitled to no relief on either claim, so no evidentiary hearing is required.

### A.   § 922(g)(1) Claim

Starting with the § 922(g)(1) claim, Mr. Solomon appears to argue that § 922(g)(1) is unconstitutional as applied to him and that he did not, in fact, possess the gun. (Doc. 79 at 4.) This claim fails for three reasons.

First, Mr. Solomon validly waived his right to petition under § 2255 on all grounds except ineffective assistance of counsel. (Doc. 52 at 4.) A defendant's waiver of his collateral appeal rights is enforceable unless it was unknowing or involuntarily. *DeRoo v. United States*, 223 F.3d 919, 923–24 (8th Cir. 2000). And Mr. Solomon does not allege that his plea was unknowing or involuntarily.

Second, the claim is procedurally defaulted because he did not raise it on direct review. A defendant may raise a procedurally defaulted claim in habeas "only if [he] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Mr. Solomon does not mention any cause for failing to raise the claim on direct review. And to the extent that he now asserts actual innocence, the Court has no reason to believe he can make the required showing—with or without an evidentiary hearing—that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Jimerson v. Payne*, 957 F.3d 916, 929 (8th Cir. 2020); *see also Schlup v. Delo*, 513 U.S.

298, 327 (1995). As outlined in his plea agreement, Mr. Solomon was the only person in the car when he fled a lawful traffic stop, and officers found the stolen gun on the side of the road along the path that he drove. (Doc. 52 at 2.) Under these circumstances, a reasonable jury could infer that he knowingly possessed the gun. *See, e.g.*, *United States v. Ellis*, 127 F.4th 1122, 1125–26 (8th Cir. 2025) (upholding conviction where gun found on the other side of a fence along path of defendant's flight); *United States v. Doss*, No. 22-3662, 2024 WL 3964616, at *1 (8th Cir. Aug. 28, 2024) (same where gun found in dumpster along path of defendant's flight). DNA evidence suggesting that Mr. Solomon was not the only person who possessed the stolen gun makes no difference. Knowing possession can be actual or constructive, sole or joint. *See, e.g.*, *United States v. Walker*, 393 F.3d 842, 846–47 (8th Cir. 2005).[1]

And third, Mr. Solomon's claim fails on the merits. Under binding Eighth Circuit precedent, "[t]he longstanding prohibition on possession of firearms by felons is constitutional" and "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

B.   **Ineffective Assistance of Counsel**

Turning to Mr. Solomon's second claim, he argues that he received ineffective assistance of counsel when his attorney advised him to plead guilty because he would lose at trial. (Doc. 79 at 5.) The Court disagrees.

---

[1] To the extent that he asserts one, Mr. Solomon also cannot clear the "extraordinarily high" threshold for a freestanding claim of actual innocence for the same reasons. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518, 554 (2006).

To obtain relief for ineffective assistance of counsel, Mr. Solomon must establish that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). This is a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). He must overcome a "strong presumption" that his counsel's conduct fell within the "wide range of reasonable professional assistance" and show that counsel's errors were not the "result of reasonable professional judgment" but instead were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 689–90. Then he must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Solomon's ineffective assistance claim fails on the first prong. His counsel's recommendation to plead guilty was the result of reasonable professional judgment. Many defendants have been convicted under similar facts, *see Ellis*, 127 F.4th at 1125–26; *Doss*, 2024 WL 3964616, at *1, so it was reasonable to predict that Mr. Solomon would lose at trial. Plus, there was an upside to pleading guilty. Because he accepted responsibility, Mr. Solomon got three offense levels off of his guidelines range at sentencing. (Doc. 91 at 11:20–12:15; *see also* Doc. 52 at 6.) That resulted in a guidelines range of 57 to 71 months in prison, down from 78 to 97 months. *Compare* United States Sentencing Guidelines, ch. 5, pt. A, Sentencing Table, Category III, Level 23, *with id.*, Level 26.

### III. Certificate of Appealability

A § 2255 petitioner cannot appeal an adverse ruling on his petition unless a court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court may do so "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the substantive constitutional claim underlying a § 2255 petition has no merit, a court should not grant a certificate. *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

The Court finds that both of Mr. Solomon's claims lack merit. Even ignoring waiver and procedural default on Mr. Solomon's first claim, it is foreclosed by Eighth Circuit precedent. *See, e.g.*, *Cunningham*, 114 F.4th at 675. And on his second claim, Mr. Solomon has not made a substantial showing that he received ineffective assistance of counsel.

### IV. Order

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Solomon's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 79] is **DENIED**; and

2. A Certificate of Appealability is not issued.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 28, 2025  /s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge